Chief Justice Roberts,
with whom Justice Alito joins, concurring.
The opinion concurring in part and dissenting in part raises serious questions about the principle set forth in Bowles v. Seminole Rock & Sand Co., 325 U. S. 410 (1945), and Auer v. Robbins, 519 U. S. 452 (1997). It may be appropriate to reconsider that principle in an appropriate case. But this is not that case.
Respondent suggested reconsidering Auer, in one sentence in a footnote, with no argument. See Brief for Respondent 42, n. 12. Petitioners said don’t do it, again in a footnote. See Reply Brief for Petitioners in No. 11-338, p. 4, n. 1; see also Turner Broadcasting System, Inc. v. FCC, 520 U. S. 180, 223-224 (1997) (declining to decide question that received only “scant argumentation”). Out of 22 amicus briefs, only two—filed by dueling groups of law professors— *616 addressed the issue on the merits. See Brief for Law Professors on the Propriety of Administrative Deference in Support of Respondent; Brief for Law Professors in Support of Petitioners; see also FTC v. Phoebe Putney Health System, Inc., 568 U. S. 216, 226, n. 4 (declining to consider argument raised only by amicus).
The issue is a basic one going to the heart of administrative law. Questions of Seminole Rock and Auer deference arise as a matter of course on a regular basis. The bar is now aware that there is some interest in reconsidering those cases, and has available to it a concise statement of the arguments on one side of the issue.
I would await a case in which the issue is properly raised and argued. The present cases should be decided as they have been briefed and argued, under existing precedent.